## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT BOWLING GREEN
## CIVIL ACTION NO. 1:05CV-P52-R

**JOHNNIE EARL PRITCHARD, JR.**                                                                  **PLAINTIFF**

v.

**JOSEPH LARRY YECKERING,** *et al.*                                                              **DEFENDANTS**

### OPINION

The plaintiff filed this civil rights action under 42 U.S.C. § 1983 ("§ 1983") and *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971). The complaint is before the court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the court will dismiss all claims with the exception of the individual capacity claims against Defendants Cruce and Hayes that they falsified evidence and subjected the plaintiff to an unduly suggestive identification procedure.

### I. SUMMARY OF CLAIMS

The plaintiff, Johnnie Earl Pritchard, Jr., initiated this civil rights action charging defendants with committing perjury at a suppression hearing and his federal criminal trial. He also charges some of them with falsifying investigation reports and evidence to support the federal criminal charges. To this end, he sues the following persons in both their individual and official capacities, seeking money damages: Joseph Larry Yeckering, a private citizen, is a federal firearms licensed vendor; Denise A. Liebert is identified as an "intelligence research specialist;" Special Agent Kevin Cruce is with the Federal Bureau of Alcohol, Tobacco, and Firearms ("ATF"); and Special Agent David Hayes is also with ATF. The plaintiff claims that the defendants violated his rights as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution.

The events that gave rise to the instant action began on June 18, 2003 when Defendant Liebert forwarded a criminal records check to the ATF Bowling Green Field Office with respect to a multiple sale referral of two firearms. The plaintiff maintains that he had no involvement in this sale, that his wife had purchased the firearms and ammunition, that Liebert wrongly connected him to the sale, and that she reported this false and other incorrect information to the ATF.

On June 25, 2003, Defendant Cruce and another agent conducted surveillance on a Munfordville, Kentucky, residence. Defendant Cruce reported seeing an individual matching the plaintiff's description entering and exiting the residence. The plaintiff disputes this observation and maintains that at the time of the surveillance Defendant Cruce did not possess the plaintiff's picture so he could not have seen an individual matching the plaintiff's description. In fact, the plaintiff points out that Defendant Cruce did not obtain the plaintiff's picture until *after* the surveillance occurred.

On June 26, 2003, Defendant Cruce obtained a search warrant for this residence and vehicle which he claimed belonged to the plaintiff and his wife. The plaintiff denies that he lived at the residence or owned the vehicle searched. The plaintiff alleges that Defendant Cruce later perjured himself at both the suppression hearing and trial with respect to the information he obtained during the surveillance.

On June 30, 2003, the plaintiff claims that Defendants Cruce and Hayes lured him to the Munfordville courthouse with the aid of his probation officer. Once there, the plaintiff claims that several ATF agents aggressively approached him and escorted him to a private room in the courthouse where he was searched and questioned. Although informed that he was not under

arrest, the plaintiff claims he was placed in leg cuffs. The officers questioned him about his wife and the firearms she purchased. He informed them that he knew nothing about the purchase. Thereafter, the officers filed a report setting forth what the plaintiff describes as false statements attributed to him during questioning. A search of the home the plaintiff purportedly shared with his wife uncovered ammunition and a firearm; another firearm was found in her automobile. The plaintiff's wife stated that she owned the firearms and ammunition. Defendant Yeckering, the owner of the firearms shop where the purchases were made, informed Agent Cruce that the plaintiff accompanied his wife when she purchased the items, was present when she picked them up from the shop, and later returned one of the firearms because it was not functioning properly.

Based on the foregoing, Defendant Cruce arrested the plaintiff for being a felon in possession of a firearm. Thereafter, the plaintiff was indicted and held in custody until he was tried before a federal jury in the Western District of Kentucky on April 26-27, 2004. *See* Criminal Action No. 1:03CR-28-M. During the prosecution's case-in-chief, Defendants Yeckering, Cruce and Hayes testified. The jury ultimately acquitted the plaintiff of the charge.

The plaintiff complains that during the course of the investigation and his arrest, he was not properly *Mirandized*, that he was subjected to an unduly suggestive identification procedure, that defendants submitted false reports of his involvement with the purchase of the firearms, that some of the defendants perjured themselves during the course of his suppression hearing and jury trial, and that Defendant Cruce set him up on the criminal charges.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain

a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

### III. ANALYSIS

### A. Defendant Liebert

The plaintiff claims that Defendant Liebert violated his constitutional rights when she submitted erroneous information to the ATF in June of 2003. Assuming for the purpose of this analysis only that she acted under color of law,[1] the claim against her must be dismissed as untimely.

Because actions under § 1983 and *Bivens* do not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-280 (1985). Thus, in Kentucky these actions are limited by the one-year statute of limitations found in KRS 413.140(1)(a). *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990); *McSurely v. Hutchison*, 823 F.2d 1002 (6th Cir. 1987) (holding that *Bivens* actions are subject to the one-year statute of limitations under Kentucky law). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Collard*, 896 F.2d at 183. Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*,

---

[1] It is not clear whether Defendant Liebert is a *state* or a *federal* law enforcement officer. In either event, the plaintiff must established the she was a person acting under color of law in order to be liable under either § 1983 or *Bivens*.

No. 01-6458, 2002 WL 1359388, at *2 (6th Cir. June 20, 2002)(citing *Haskell v. Washington Township*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

Having reviewed the complaint, the court determines that the claims against this defendant are time-barred as they concern events that plainly accrued in June of 2003. Nothing in the complaint suggests that the plaintiff is complaining about events occurring thereafter with respect to this defendant. Therefore, the limitations period began to run in June 2003, and his complaint was not filed with this Court until April 25, 2005, well after the statute of limitations had run. Since these claims were filed outside the one-year limitations period, they will be dismissed as frivolous. *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001) (dismissing a claim as frivolous where barred by the applicable statute of limitations).

## B. Defendant Yeckering

The claim against Defendant Yeckering, a private person, fails for two fundamental reasons. First, the plaintiff failed to establish that this defendant acted under color of state or federal law. And second, the defendant enjoys absolutes judicial immunity from suit. In order to state a claim under § 1983 or *Bivens*, a plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of law. *See Bivens*, 403 U.S. at 389 (recognizing a cause of action where a federal agent "acting under color of his authority" engages in unconstitutional conduct); *West v. Atkins*, 487 U.S. 42 (1988) (setting forth the elements of a § 1983 civil action).

The plaintiff failed to establish that this defendant acted under color of law. Generally, a person does not "act under color of law" merely by testifying at trial. *Briscoe v. LaHue*, 460

U.S. 325, 329-30 ("It is beyond question that, when a private party gives testimony in open court in a criminal trial, that act is not performed 'under color of law.'").[2] Moreover, even if the defendant "acted under color of law" by virtue of testifying, he would enjoy absolute judicial immunity under *Briscoe*. In *Briscoe*, the plaintiff's § 1983 claim was based on the allegation that a police officer had given perjured testimony at the plaintiff's criminal trial.[3] The Supreme Court held that the officer/witness was entitled to absolute immunity, noting witnesses were absolutely immune at common law from subsequent damages liability for their testimony in judicial proceedings "even if the witness knew the statements were false and made them with malice." *Briscoe*, 460 U.S. at 332; *see also Young v. Biggers,* 938 F.2d 565, 569 (5th Cir. 1991) (holding that prosecution witnesses are entitled to immunity under *Briscoe*). This immunity extends to all persons, whether governmental, expert, or lay witnesses, who are "integral parts of the judicial process." *Briscoe,* 460 U.S. at 335. By providing immunity, the Supreme Court observed that witnesses would be encouraged to testify, which would further the fact-finding and truth-seeking process of the courts. *Id.* at 333-35. For the foregoing reasons, the claim against this defendant fails.

---

[2]Though not applicable here, there is an exception to this proposition when a lay witness conspires with the prosecutor or other state officer to violate a defendant's constitutional rights. *Briscoe,* 460 U.S. at 330, n.7 ("It is conceivable, however, that nongovernmental witnesses could act 'under color of state law' by conspiring with the prosecutor or other state officials.").

[3]In fact, like Plaintiff, Briscoe's conviction was reversed on appeal. *Briscoe*, 460 U.S. at 327, n.2.

### C. Defendants Cruce and Hayes

#### 1. Lack of *Miranda* warnings

To the extent that the plaintiff claims that he was not properly *Mirandized* in violation of the Fifth Amendment, his claim fails. He appears to argue that this failure violated his Fifth Amendment privilege against self-incrimination. The relevant language of the Fifth Amendment guarantees: "No person ... shall be compelled in any criminal case to be a witness against himself...." U.S. CONST. amend. V.

In *Miranda v. Arizona,* 384 U.S. 436, 444 (1966), the Supreme Court held "[p]rior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." Any statements made during the interrogation may not be used "unless [the prosecution] demonstrates the use of [these] procedural safeguards effective to secure the privilege against self-incrimination." *Id.*

The failure to comply with *Miranda* does not in and of itself give rise to a constitutional claim; the Fifth Amendment's protections may only be invoked to exclude at trial evidence taken during the interview. *Chavez v. Martinez*, 538 U.S. 760 (2003) ("Accordingly, Chavez's failure to read *Miranda* warnings to Martinez did not violate Martinez's constitutional rights and cannot be grounds for a § 1983 action."); *McKinley v. City of Mansfield*, 404 F.3d 418 (6th Cir. 2005) (same). Because the plaintiff's remedy for a Fifth Amendment violation may not be secured by way of a civil rights action, his Fifth Amendment claim must be dismissed.

### 2. Perjury during criminal proceedings

Next, the plaintiff claims that the defendants violated his Fifth Amendment right to due process for purportedly perjuring themselves at his criminal trial. His claim lacks merit as the defendants are entitled to absolute judicial immunity. See Section III (B) above section regarding absolute immunity for witnesses as recognized in *Brisco v. Lahue, supra*.

### 3. Equal protection

The plaintiff claims that the defendants' actions deprived him of equal protection of the laws. The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law ...." In numerous decisions, the Supreme Court "has held that the Due Process Clause of the Fifth Amendment forbids the Federal Government to deny equal protection of the laws." *See e.g., Hampton v. Mow Sun Wong*, 426 U.S. 88, 100 (1976); *Buckley v. Valeo*, 424 U.S. 1, 93 (1976). A Fifth Amendment equal protection claim is examined under the same principles that apply to such claims under the Fourteenth Amendment. *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 217 (1995).

The plaintiff's equal protection claim fails because he failed to allege that he was the victim of any invidious discrimination based upon membership in a protected class or that he was treated differently from those similarly situated. *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439-40 (1985) (reviewing equal protection claim under the Fourteenth Amendment's Due Process Clause). The claim, therefore, is not cognizable and must be dismissed.

### 4. Falsifying reports and evidence, and suggestive identification procedure

The plaintiff claims that Defendants Cruce and Hayes violated his Fifth Amendment right to due process by falsifying evidence in investigation reports and at trial and by subjecting him to an unduly suggestive identification procedure. The court will allow these claims to proceed against these two defendants in their *individual* capacity only as the *official* capacity claims seeking money damages are barred by the doctrine of sovereign immunity. *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Reed v. Reno*, 146 F.3d 392, 397-98 (6th Cir. 1998).

The court will enter orders consistent with this opinion.

Date:

cc:    Plaintiff *pro se*
       Defendants
       U.S. Attorney
       4413.002